ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2026-Sep-17 10:56:04
17CV-26-938
C21D01 : 6 Pages

**IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS**
**CIVIL DIVISION (I)**

**OSCAR STILLEY** **PLAINTIFF**

**v.** **Case No. 17CV-26-938**

**STACEY SHELLY, in her official capacity as Crawford County Clerk; COLE JESTER, in his official capacity as Secretary of State for the State of Arkansas; UNITED STATES** **DEFENDANTS**

**DEFENDANT STACEY SHELLY'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Comes now Defendant Stacey Shelly, in her official capacity as Crawford County Clerk ("Clerk Shelly"), by and through undersigned counsel, and pursuant to Arkansas Rules of Civil Procedure 12(b)(1) and 12(b)(6) moves the Court to dismiss Plaintiff Oscar Stilley's Verified Complaint for Declaratory Judgment with prejudice and puts forth her brief in support. In support, Shelly states:

1. Plaintiff seeks a declaration that his July 12, 2024 Crawford County voter registration is "valid" because two federal criminal judgments entered against him in *United States v. Stilley*, No. 4:09-cr-43 (N.D. Okla.), Docket Nos. 338 and 752, are, in *his* view, "void." Compl. Paragraphs 14–25.
2. This Court cannot grant that relief. A circuit court of this State has no authority to declare a federal criminal judgment void. A declaratory-judgment action is not a substitute for a direct appeal, a motion under 28 U.S.C. § 2255, or any other federal



GOVERNMENT EXHIBIT F

post-conviction vehicle. Binding Arkansas authority forbids the use of the Uniform Declaratory Judgments Act to collaterally attack a criminal conviction.

3. There is no justiciable controversy with Clerk Shelly. She does not adjudicate the constitutional validity of federal criminal judgments. Her duties with respect to the voter rolls are those assigned by Amendment 51. A declaration that Plaintiff's registration is "valid" because two federal judgments are "void" would not terminate any controversy with the Clerk; it would require this Court to sit as a federal habeas court.
4. This issue has been litigated previously. See *Stilley v. Thurston*, 2024 Ark. 124. Stilley is estopped from bringing it based on issue estoppel.
5. The Arkansas Supreme Court has already determined, after appointing a special master and receiving findings of fact, that Plaintiff was a convicted felon whose sentence had not been discharged, that he was ineligible to register, and that he was dishonest on his July 2024 voter-registration application. *Stilley v. Thurston*, 2024 Ark. 124.
6. That determination is judicially noticeable and independently fatal to the claim pleaded here.
7. Arkansas is a fact-pleading State. Rule 8(a)(1) requires "a statement in ordinary and concise language of facts showing that the pleader is entitled to relief." Ark. R. Civ. P. 8(a)(1). Rule 12(b)(6) authorizes dismissal for "failure to state facts upon which relief can be granted." The two rules are read together. *Brown v. Tucker*, 330 Ark. 435, 438, 954 S.W.2d 262, 264 (1997). Facts, not conclusions, must be alleged. *Id.*

8. Bare assertions that a judgment is "void," that a tribunal was not "honest and disinterested," or that a registration is "in all respects proper and lawful" are legal conclusions, not facts.

9. On a Rule 12(b)(6) motion the Court treats well-pleaded facts as true and construes them in the plaintiff's favor. It does not accept legal conclusions, speculation, or rhetorical invective. *Id.; Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002). If the complaint's own allegations demonstrate that the plaintiff is not entitled to relief, dismissal is required.

10. A Rule 12(b)(1) motion tests subject-matter jurisdiction. The Uniform Declaratory Judgments Act does not itself confer jurisdiction; an independent jurisdictional basis must exist, and the controversy must be justiciable. *Bryant v. Picado*, 338 Ark. 227, 231, 996 S.W.2d 17, 19 (1999); *UHS of Ark., Inc. v. Charter Hosp. of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988).

11. The Court may take judicial notice of its own records, the published opinions of the Arkansas Supreme Court, and the publicly filed judgments of the federal courts. Ark. R. Evid. 201.

12. This is not the first time Plaintiff has asked an Arkansas court to treat his July 12, 2024 registration as valid. In *Stilley v. Thurston*, 2024 Ark. 124, he invoked that registration as the basis for standing to prosecute an original action in the Arkansas Supreme Court. The State contended he was not a lawfully registered voter. The Supreme Court appointed the Honorable Gary Arnold as special master to find the facts.

13. The special master found that in 2009 Plaintiff was convicted of one count of conspiracy to defraud the United States and two counts of tax evasion, each a felony; that he was sentenced to 180 months' imprisonment and three years of supervision; that in 2022 his supervision was revoked and he was committed for three months plus thirty-three months of supervision commencing August 10, 2022; that at all times since April 23, 2010 he had been either imprisoned or subject to supervised release; that he had not been pardoned; and that he remained on supervised release.

14. On the July 2024 application, he attested that he had never been convicted of a felony without the sentence being discharged or pardoned. *Stilley*, 2024 Ark. 124, at 2–3.

15. The Supreme Court accepted those findings, held that Plaintiff "was ineligible to vote," held that he "was dishonest on his Arkansas Voter Registration Application," and dismissed the original action because he was "not a lawfully registered voter." *Id.* at 4–5.

16. The Court applied Amendment 51, § 11(a)(4) and § 11(d) exactly as Clerk Shelly asks this Court to apply them.

17. That decision is judicially noticeable. It is also issue-preclusive against Plaintiff on the questions whether he was a convicted felon on July 12, 2024, whether his sentence had been discharged, and whether the July 12, 2024 registration was lawful. *See Graham v. Cawthorn*, 2013 Ark. 160, 427 S.W.3d 34 (collateral estoppel applies to issues actually litigated and essential to the judgment; the doctrine applies to issues previously decided by another court). Plaintiff cannot

relitigate those issues by filing a new complaint in the county where he registered and naming the clerk.

18. The Complaint's remaining paragraphs are attacks on the United States, Bureau of Prisons personnel, hunger strikes, "scorched earth" strategies, and invitations to federal officers to "cease and desist" and they state no claim against Clerk Shelly and supply no facts showing an entitlement to declaratory relief under Ark. Code Ann. § 16-111-101 *et seq.*

19. For the reasons set forth, the Complaint should be dismissed with prejudice. Leave to amend would be futile. No recasting of these allegations can confer on this Court the power to vacate a federal criminal judgment, and no recasting can convert Plaintiff's disagreement with that judgment into a claim against the County Clerk.

WHEREFORE, Defendant Stacey Shelly, in her official capacity as Crawford County Clerk, prays that the Court: Dismiss the Complaint as to Clerk Shelly with prejudice pursuant to Ark. R. Civ. P. 12(b)(1) and 12(b)(6), as well as issue estoppel; Award Clerk Shelly her costs; and Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, *Stacey Shelly*

By: /s/ Gentry C. Wahlmeier

Gentry C. Wahlmeier ABA#18124
Wahlmeier Law Firm, P.A.
1101 Walnut St.
P.O. Box 1811
Van Buren, Arkansas 72957
Telephone: 479.431.3366
Facsimile: 479.763.3987
Email: gentry@wahlmeierlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2026, a true and correct copy of the foregoing Motion to Dismiss was served via the Court's electronic filing system and/or by U.S. Mail, postage prepaid, upon:

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
oscarstilley@gmail.com

Cole Jester, Secretary of State
State Capitol
500 Woodlane Street, Suite 256
Little Rock, AR 72201

United States of America
c/o United States Attorney, Western District of Arkansas
414 Parker Avenue
Fort Smith, AR 72901

/s/ Gentry C. Wahlmeier
Gentry C. Wahlmeier