ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2026-Sep-22 09:59:16
17CV-26-938
C21D01 : 7 Pages

**IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS**

**CIVIL DIVISION (I)**

**OSCAR STILLEY** **PLAINTIFF**

**vs.** **Case No. 17CV-26-938**

**STACEY SHELLY, in her Official Capacity as Crawford County Clerk; COLE JESTER, in his Official Capacity as Secretary of State; and UNITED STATES** **DEFENDANTS**

**SEPARATE DEFENDANT, STACEY SHELLY'S, RESPONSE TO REQUESTS FOR ADMISSIONS**

COMES now the Separate Defendant, Stacey Shelly, in her Official Capacity as Crawford County Clerk, by and through her attorney, Gentry C. Wahlmeier of Wahlmeier Law Firm, P.A., and for her Response to the Requests for Admissions propounded herein by the Plaintiff, states the following, under oath:

**1.** Admit that Stilley 1) was not represented by counsel, and 2) did not validly waive his 6th Amendment right to assistance of counsel, during the criminal revocation proceedings November 21, 2022, in OKND 4:09-cr-43, in which Stilley's supervision was revoked and he was sentenced (Dkt. 752) to another 3 months in prison plus another 33 months of supervision.

**RESPONSE 1.:** The separate Defendant, Stacey Shelly, lacks sufficient knowledge to either admit or deny this Request and, the same are therefore denied.

GOVERNMENT EXHIBIT G

2. Admit that Docket #752, the Judgment and Commitment Order on revocation in OKND 4:09-cr-43, is void because Stilley neither had assistance of counsel nor validly waived counsel.

**RESPONSE 2.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

3. Admit that Stilley 1) was not represented by counsel, and 2) did not validly waive counsel, on or before the *ex parte* conference prior to the revocation hearing November 13, 2024, during which the Court, by admission of counsel for the government, "notified the United States it needn't respond to [Stilley's] motions." Dkt. 836.

**RESPONSE 3.:** The separate Defendant, Stacey Shelly, lacks sufficient knowledge to either admit or deny this Request and, the same ; therefore, the same is therefore denied.

4. Admit that the *ex parte* conference described in the previous paragraph was a "critical stage" of the proceedings, within the meaning of authorities binding upon the tribunal before which this matter is pending, as well as the OKND.

**RESPONSE 4.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

5. Admit that the judgment arising out of the revocation proceedings November 13, 2024, (Dkt. 820) is void because Stilley was 1) denied the assistance of counsel at the *ex parte* conference previously herein described, and 2) Stilley did not validly waive his right to 6th Amendment of counsel during that *ex parte* conference.

**RESPONSE 5.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**6.** Admit that the judgment arising out of the revocation proceedings November 13, 2024, (Dkt. 820) is void because Dkt. 752 was void for amongst other reasons the denial of 6th Amendment assistance of counsel, and that Stilley cannot validly found guilty or punished for violating a void order.

**RESPONSE 6.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**7.** Admit that the original judgment, Docket #338, is void for reasons stated in Stilley's 2255 petition (Dkt. 846) and documents incorporated therein by reference.

**RESPONSE 7.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**8.** Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office defaulted on Stilley's motions to suppress Docket #752 and Docket #338, by failing to respond within the ten days allowed by Rule 2-1(d) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas.

**RESPONSE 8.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**9.:** Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office would not have defaulted on Stilley's motion to suppress Docket #752 if Thurston or his lawyers had an arguable basis

for claiming that said judgment was valid.

**RESPONSE 9.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**10.** Admit that John Thurston, Secretary of State for the State of Arkansas, and his lawyers from the Arkansas Attorney General's Office would not have defaulted on Stilley's motion to suppress Docket #338, if Thurston or his lawyers had an arguable basis for claiming that said judgment was valid.

**RESPONSE 10.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**11.** Admit that counsel for the United States defaulted on Dkt. 805 & Dtkt. 809 by failing to respond within the seven days allowed by the Local Criminal Rules for the Northern District of Oklahoma, LCrR47-2 **Timing of Motions**.

**RESPONSE 11.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**12.** Admit that as a practical matter, Judge Friot *de facto* denied Stilley's pending motions including Dkt. 805 & Dkt. 809 when he secretly told Prosecutor Charles Anthony O'Reilly that he "needn't respond to [Stilley's] motions."

**RESPONSE 12.:** Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**13.** Admit that adverse orders and judgments entered contrary to the 6th Amendment right to assistance of counsel are void, and that thus Dkt. 805 & Dkt. 809 remain pending and awaiting decision by an impartial tribunal.

**RESPONSE 13.**: Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**14.** Admit that Judge Friot and counsel for the government engaged in undisclosed *ex parte* contacts beginning prior to the sentencing April 21-23, 2010.

**RESPONSE 14.**: Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion. With objection stated, the separate Defendant, Stacey Shelly, lacks sufficient knowledge to either admit or deny this Request and, the same are therefore denied.

**15.** Admit that Stilley's application for voter registration, as submitted to the Crawford County Clerk on July 12, 2024, is and was in all respects proper and lawful.

**RESPONSE 15.**: Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

**16.** Admit that Stilley's voter registration, issued on July 12, 2024, is and has at all times since issuance been a lawful, valid, proper voter registration.

**RESPONSE 16.**: Objection as this calls for separate Defendant, Stacey Shelly, to make a legal conclusion.

Respectfully submitted,
Stacey Shelly, in her Official Capacity
as Crawford County Clerk, *Separate Defendant*

By: /s/ Gentry C. Wahlmeier

Gentry C. Wahlmeier - ABA #2018124
Wahlmeier Law Firm, P.A.
1101 Walnut Street
P.O. Box 1811
Van Buren, AR 72957

Telephone: 479-431-3366
Facsimile: 479-763-3987
Email: gentry@wahlmeierlaw.com

**CERTIFICATE OF SERVICE**

I, Gentry C. Wahlmeier, attorney for the separate Defendant, do hereby certify that a copy of the foregoing pleading has been served upon the following electronically through the Electronic Case Filing System, Electronic Transmission, Facsimile, or by U.S. mail this 22nd day of September, 2026:

Oscar Stilley
10600 N. Highway 59
Cedarville, AR 72932

/s/ Gentry C. Wahlmeier
Gentry C. Wahlmeier

**VERIFICATION**

**STATE OF ARKANSAS**

**COUNTY OF CRAWFORD**

I, Stacey Shelly, in my Official Capacity as Crawford County Clerk, state that the statements and information contained in the above and foregoing pleading are true and correct to the best of my knowledge and belief.

Stacey Shelly

Subscribed and sworn to before me on this 22nd day of September, 2026.

Notary Public

My Commission Expires:

4-14-2035

LORI K. SUGGS NOTARY PUBLIC ARKANSAS CRAWFORD COUNTY 12403409 EXPIRES 4-14-2035