ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2026-Nov-04 08:27:16
17CV-26-938
C21D01 : 4 Pages

IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
CIVIL DIVISION (I)

OSCAR STILLEY PLAINTIFF

v. Case No. 17CV-26-938

STACEY SHELLY, in her official capacity as
Crawford County Clerk; et al DEFENDANTS

**PLAINTIFF'S NOTICE OF ERRONEOUS CITATIONS**

Comes now Plaintiff Oscar Stilley (Stilley) and for his notice of erroneous citations states:

This notice is necessary to correct not one but two erroneous citations in Stilley's response to Defendant's motion to dismiss. The first such citation is at page 28, the second is at page 24.

## I. THE *MOORE V. DEMPSEY* CITATION DOES NOT EXIST.

Stilley at page 28 of his brief cited *Moore v. Dempsey*, 261 US 86 (1923), with the following quote:

> If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a JURISDICTIONAL BAR to a valid conviction and sentence depriving him of his life or his liberty. The judgment of conviction pronounced by a court without jurisdiction is VOID, and one imprisoned thereunder MAY OBTAIN RELIEF BY HABEAS CORPUS (Emphases added).

That's a beautiful quote except for one thing. ***It does not exist***. The case exists,

GOVERNMENT
EXHIBIT
K

but it contains no such quote and nothing close to it.

That's inexcusable. Stilley profusely apologizes to this Court, to the Defendant, and to her counsel.

Stilley discovered his mistake by trying to find the quote, to include a pinpoint cite so he could use the case in another context. It didn't take long to discover that the quote didn't exist. Stilley inquired of his good friend Gemini, to ask if this text actually came from a case. Gemini said it didn't, but opined that "it is a paraphrase or synthesis rather than a direct verbatim quote from a single Supreme Court opinion, though it closely reflects language from *Johnson v. Zerbst*, 304 U.S. 458 (1938)." Beginning at page 467 the *Johnson* Court said:

> Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential **jurisdictional prerequisite** to a federal court's authority to deprive an accused of his life or liberty. When this 468*468 right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, ***is not represented by counsel and has not competently and intelligently waived his constitutional right***, the Sixth Amendment stands as a ***jurisdictional bar to a valid conviction*** and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost "in the course of the proceedings" due to failure to complete the court — as the Sixth Amendment requires — by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake.[22] **If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed.** The judgment of conviction pronounced by a court without jurisdiction is ***void***, and one imprisoned thereunder may obtain release by habeas corpus.[23] A judge of the United States — to whom a petition for habeas corpus is addressed — should be alert to examine "the facts for himself when **if true as alleged they make the trial absolutely**

> **<u>void</u>.**"[24]
>
> It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity.[25] Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional 469*469 right to assistance of counsel. If in a habeas corpus hearing, he does **meet this burden** and **convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel**, it is the **<u>duty</u>** of the court to **grant the writ**.
> (Emphases added)

The burden of proof set forth in *Johnson* seems materially different from that indicated in *McConahay v. State*, 257 Ark. 328, 516 S.W.2d 887 (1974), which Stilley cited at page 10 of his response. Fairness calls for giving the defense to have opportunity to be heard on that issue, if such is desired. Defendant may also wish to compare this authority to that cited at pages 6-8 of *US v. Stilley*, Northern District of Oklahoma (OKND) 4:09-cr-43-2, docket #805.

## II. THE *REPUBLIC NAT'L BANK OF DALLAS V. CRIPPEN* CITATION IS NOT VERBATIM.

The other improper citation is in a paragraph at the top of page 24, where Stilley said that a "complete denial of the opportunity to be heard on a material issue is a violation of due process, which is never harmless error." *Republic Nat'l Bank of Dallas v. Crippen*, 224 F.2d 565, 566 (5th Cir. 1955).

The actual sentence is "[T]he right to be heard on their claims was a

constitutional right and the denial of that right to them was the denial of due process which is never harmless error."

Stilley's mind and his good friend Gemini both say that it is never proper to use quotation marks in a pleading, except for a verbatim quote.

**CONCLUSION**

The Court should be advised of Stilley's errors to avoid relying upon them or (perish the thought) repeating them. Stilley sincerely apologizes.

By: /s/ Oscar Stilley November 4, 2026

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE AND COMPLIANCE**

Stilley by his signature above certifies that on the date stated above this pleading was served via the Court's electronic filing system to all parties entitled to service; and that this document proper doesn't contain links to external papers or websites.