ELECTRONICALLY FILED
Crawford County Circuit Court
Sharon Blount-Baker, Circuit Clerk
2026-Sep-15 17:16:21
17CV-26-938
C21D01 : 6 Pages

IN THE CIRCUIT COURT OF CRAWFORD COUNTY, ARKANSAS
CIVIL DIVISION

OSCAR STILLEY PLAINTIFF

v. Case No. ______________

STACEY SHELLY, in her official capacity as Crawford County Clerk; COLE JESTER, in his official capacity as Secretary of State for the State of Arkansas; UNITED STATES DEFENDANTS

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff Oscar Stilley (Stilley, Plaintiff, or Plaintiff Stilley) and for his verified complaint states:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff registered to vote in Crawford County, Arkansas, on July 12, 2024. The validity of that voter registration has been called into question by various authority figures.

2. The question of the validity of that voter registration is the subject of this complaint.

3. This Court has jurisdiction over this action pursuant to the Uniform Declaratory Judgments Act, Ark. Code Ann. § 16-111-101 et seq.

GOVERNMENT EXHIBIT
A

4. Stacey Shelly is a necessary party because she is the public official charged with maintaining the voter rolls for Crawford County, Arkansas, making certain determinations as to eligibility to vote, removing ineligible voters from the voter rolls, etc.

5. Other than possibly the United States or the Secretary of State of the State of Arkansas, Plaintiff Stilley is not aware of any other person or entity with a legally cognizable or reasonably arguable interest in the subject matter of this litigation.

6. Stilley denies that the State of Arkansas or any of its officers, entities, or agencies has an actual and lawful interest in the subject matter of this litigation. The Secretary of State of the State of Arkansas, represented by the best lawyers the Arkansas Attorney General had available, has already had "one bite at the apple" but elected to strategically default rather than defend the federal judgments laid at the feet of Stilley.

7. Nevertheless, Stilley names the Secretary of State of the State of Arkansas, out of an abundance of precaution.

8. Stilley likewise denies that the United States has an actual and lawful interest in the subject matter of this litigation. Nobody has a lawful interest in defending void judgments.

9. Furthermore, the United States has had abundant chances to defend the validity criminal judgments mentioned in this complaint. Rather than attempt

to defend them in conformity with the law and applicable rules, the United States has artfully dodged every effort at a direct confrontation and actual decision on the merits by a lawful judge.

10. Furthermore, the United States has pursued an utterly unlawful scorched earth strategy against Stilley, to wreck his litigation capacity and attempt to intimidate Stilley into abandoning any efforts at justice.

11. Bureau of Prisons personnel told Stilley that he would not receive his earned home confinement and halfway house because 1) Stilley spoke to the media/reporters, 2) Stilley would probably just file lawsuits when he got access to reasonable tools of litigation.

12. A full rendition of the wickedness of personnel of the United States, in the most recent bogus incarceration of Stilley, would unduly lengthen this pleading. Suffice it to say that Stilley received precisely no halfway house or home confinement despite earning it with honest employment and labor, despite expert administrative remedy requests, and furthermore despite a 37-day hunger strike and an additional 22-day hunger strike.

13. If any personnel of the United States consider themselves aggrieved by this pleading, they should consider themselves cordially invited to cease and desist from their stiff-arming and stonewalling of Stilley's good faith and honorable efforts to get a judgment on the merits in his federal criminal case

and 2255 habeas petition, in time for Stilley to exercise his fundamental right to vote in a federal election on November 3, 2026.

**COUNT 1: STILLEY'S VOTER REGISTRATION IS VALID BECAUSE HE WAS NOT AT THE TIME OF THE VOTER REGISTRATION SUBJECT TO ANY VALID AND CURRENTLY ACTIVE CRIMINAL JUDGMENT**

14. On November 21, 2022, Stilley's federal supervision under a Judgment and Commitment Order Docketed as #338, in *US v. Stilley et al*, Northern District of Oklahoma (OKND) 4:09-cr-43 was "revoked."

15. A new order, Judgment and Commitment Order #752, was entered in the same case at the same time.

16. During the proceedings that led up to Docket #752, Stilley 1) was not represented by counsel, and 2) did not validly waive counsel.

17. Stilley made his desire for 6th Amendment assistance of counsel unmistakably clear, and acted at all relevant times with reasonable (perhaps even extraordinary) diligence, seeking suitable and satisfactory assistance of counsel.

18. Despite all of Stilley's good faith efforts, Stilley was forced to defend both pretrial and during the actual revocation trial 11-21-2022 without any assistance of counsel.

19. Docket #752 was and is void and without legal effect due to the violation of Stilley's right to 6th Amendment assistance of counsel.

20. Docket # 338 was no longer in effect because it had been revoked, and a "revocation" of an old judgment is not adverse to the defendant.

21. Docket #338 was and is void from its inception because Stilley was denied an honest and disinterested tribunal, as required by the US Constitution and laws.

22. Docket #338 was and is void for all the reasons stated in Docket 846, including all other facts incorporated into that pleading.

23. Most if not all the facts incorporated into Docket 846 from other federal pleadings in his criminal case were stated by Stilley under penalty of perjury and not denied by the government.

24. Stilley's application for voter registration, as submitted to the Crawford County Clerk on July 12, 2024, is and at all times since inception has been in all respects proper and lawful.

25. Stilley's voter registration, issued on July 12, 2024, is and has at all times since issuance been a lawful, valid, proper voter registration.

WHEREFORE, Plaintiff Stilley prays a declaratory judgment stating that his voter registration is valid because neither of the two federal criminal judgments set forth on the docket of OKND 4:09-cr-43 as of July 12, 2024 (Dkt. 752 & 338) were currently active and valid at the time Stilley registered to vote; and for such other and further relief as may be appropriate whether or not specifically requested.

**VERIFICATION**

Oscar Stilley by his signature below declares under penalty of perjury pursuant to 28 USC 1746 and such other state or federal authorities as may be appropriate, that the foregoing stated facts are true and correct.

Respectfully submitted.

By: /s/ Oscar Stilley September 15, 2026

Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
oscarstilley@gmail.com

**CERTIFICATE OF COMPLIANCE**

Stilley by his signature above certifies that this document proper doesn't contain links to external papers or websites.