**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORTH SMITH DIVISION**

**OSCAR STILLEY** **PLAINTIFF**

**v.** **CASE NO. 2:26-cv-02183-TLB**

**STACEY SHELLY, et al.** **DEFENDANTS**

# BRIEF IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff, Oscar Stilley, sues the Secretary of State and Crawford County Clerk in their official capacities, along with the United States, and seeks a declaration that his voter registration is valid because two federal criminal judgments against him are void. This Court should dismiss Stilley's complaint against Secretary of State Cole Jester for the following reasons: (1) this Court lacks subject matter jurisdiction over this action; (2) the complaint fails to state facts against the Secretary upon which relief can be granted; and (3) the Secretary is entitled to sovereign immunity.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokken v. Hennepin County*, 140 F.4th 445, 450 (8th Cir. 2025) (quoting *Ashcroft*, 556 U.S. at 678).

"Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). However, where the factual allegations on the face of the complaint establish an insurmountable bar to relief, the complaint should be dismissed under Rule 12(b)(6). *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

## III. ARGUMENT

### A. The Complaint fails to state facts that show a claim against Secretary of State Cole Jester.

Mr. Stilley seeks a declaration from this Court that his federal convictions were void and that he was eligible to vote in the 2026 general election. Compl., at 5. The Complaint makes no factual allegations against Secretary of State Cole Jester. Instead, it appears as though Mr. Stilley has included Secretary Jester "out of an abundance of precaution." Compl., ¶ 7. Mr. Stilley's factual allegations seem to pertain mostly to his federal conviction in Oklahoma, out of which he does not allege any act or omission on part of Secretary Jester. Compl., ¶¶ 14–23. Also, the allegations that pertain to Mr. Stilley's voter registration do not even mention the Secretary. Compl., ¶¶ 24–25. Accordingly, Mr. Stilley's Complaint should be dismissed against the Secretary for failure to state a claim upon which relief can be granted.

**B. Secretary of State Cole Jester is entitled to sovereign immunity.**

Mr. Stilley wants this Court to order that he was eligible to vote in the previous election. Mr. Stilley's Complaint contains no factual allegations against Secretary Jester; however, even if some portion of the Complaint could be construed as allegations against Mr. Jester, sovereign immunity would bar the issuance of such a declaration.

***1. Eleventh Amendment Immunity bars Mr. Stilley's claims.***

A suit against a state official in his official capacity is the functional equivalent of a suit against the State of Arkansas. *See Zaijrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). Absent a waiver or valid congressional override, the Eleventh Amendment bars suits against States brought by private individuals. *Smith v. Reynolds*, 139 F.4th 631, 635 (8th Cir. 2025) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)). An exception to Eleventh Amendment immunity exists where the plaintiff sues state officials in their official capacities for prospective injunctive relief. *Id*. (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635 (2002)).

Mr. Stilley's Complaint does not attribute any of the conduct to Secretary Jester. Mr. Stilley does not allege that Secretary Jester did any act or omission that gave rise to his claim. Mr. Stilley does not seek any injunctive relief against Secretary Jester but instead seeks a declaration under Arkansas state law that his federal conviction in Oklahoma is void, which is the gravamen of his Complaint. Accordingly, Secretary Jester is entitled to Eleventh Amendment immunity in his official capacity.

***2. Arkansas' sovereign immunity jurisprudence also bars Mr. Stilley's claims.***

"The State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art V, § 20. Sovereign immunity is immunity from suit. *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 268. The Supreme Court of Arkansas has extended sovereign immunity to state

agencies and state employees sued in their official capacities. *Id.* When determining whether sovereign immunity applies, courts must analyze whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Arkansas Tech Univ. v. Link*, 341 Ark. 495, 502, 17 S.W.3d 809, 813 (2000). If a judgment will operate to control the action of the State or subject it to liability, the suit is against the State and is barred by the doctrine of sovereign immunity. *Id.* An exception to sovereign immunity exists when a lawsuit seeks declaratory or injunctive relief and alleges an illegal, unconstitutional, or ultra vires act. Brizendine v. Dep't of Hum. Servs., 2025 Ark. 34, at 3, 708 S.W.3d 351, 353.

Here, Secretary Jester is entitled to sovereign immunity because a judgment in Mr. Stilley's favor would subject the state to liability. Mr. Stilley alleges no facts against the Secretary that could be construed to render an exception to sovereign immunity applicable. The operative complaint does not include *any* facts that show that the Secretary has taken any action or an omission to entitle Mr. Stilley to relief against him. Accordingly, Mr. Stilley's lawsuit is barred by the doctrine of sovereign immunity and should be dismissed with prejudice.

**C. Mr. Stilley's Complaint is moot under Arkansas law.**

A case is moot where it presents "no justiciable issue for determination by the court." *Ark. Dept. of Human Servs. v. Ledgerwood*, 2019 Ark. 100, at *2, 571 S.W.3d 1, 2. Two exceptions exist to mootness: (1) whether the issue is capable of repetition yet evading review; or (2) whether the issue is a "[matter] of substantial public interest that [is] likely to be litigated in the future." *Id.*, 2019 Ark. 100 at *2, at 2.

Here, the November 3, 2026 general election has passed. As such, granting Mr. Stilley his ultimate relief would be impossible as the election he seeks to vote in is over. Neither do either of the two exceptions to mootness apply to Mr. Stilley's lawsuit as this is not an issue that can avoid

review nor is this case a matter of substantial public interest. Accordingly, Mr. Stilley's lawsuit should be dismissed as moot.

## IV. CONCLUSION

Mr. Stilley's lawsuit must be dismissed with prejudice against Secretary Jester because the Court does not have subject matter jurisdiction over his claims, the Complaint fails to state facts sufficient to survive a Rule 12(b)(6) motion, sovereign immunity bars the lawsuit against Secretary Jester, and because the issue is moot.

Respectfully submitted,

TIM GRIFFIN

Attorney General

By: Logan C. Elko, AR Bar 2024185
Assistant Attorney General
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 313-0406
Fax: (501) 682-2591
Email: logan.elko@arkansasag.gov

*Attorneys for Secretary of State*
*Cole Jester*

**CERTIFICATE OF SERVICE**

I, Logan C. Elko, hereby certify that on November 23, 2026, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will notify all parties registered to receive notifications in this matter. A true and correct copy of the foregoing was sent to the below named individual by means of electronic mail, to-wit:

Oscar Stilley

oscarstilley@gmail.com

Logan C. Elko