IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| OSCAR STILLEY<br><br>Plaintiff,<br><br>v.<br><br>STACEY SHELLY, in her official capacity as Crawford County Clerk; COLE JESTER, in his official capacity as Secretary of State for the State of Arkansas, UNITED STATES<br><br>Defendants. | ) | Case No.: 2:26-CV-02183 – TLB |

**MEMORANDUM BRIEF IN SUPPORT**

Defendant, United States of America, by and through the United States Attorney for the Western District of Arkansas and the undersigned Assistant United States Attorney, respectfully submits this memorandum brief in support of its Motion to Dismiss, and in support thereof, states as follows:

## A. INTRODUCTION

Plaintiff Oscar Stilley (the "Plaintiff") argues that a state court should declare his federal criminal judgments are void, so that a voter registration that the Arkansas Supreme Court has already found invalid, can be treated as valid. Plaintiff names the United States as a defendant while pleading that the United States has no lawful interest in the Complaint. Dkt. No. 2-1, p. 2.

Plaintiff's claims against the United States fail for several independent reasons. It is barred by sovereign immunity; the state court had no jurisdiction over the United States, so this Court took none on removal; the proper procedural mechanism to challenge a federal sentence is a §

2255 motion, not a declaratory judgment action; and Plaintiff has no standing against the United States as it did not cause his alleged injury nor can it redress it.

## B. BACKGROUND

In 2010, a jury in the Northern District of Oklahoma convicted Plaintiff of conspiracy to defraud the United States and aiding and abetting tax evasion. The Tenth Circuit affirmed. *United States v. Springer*, 444 F. App'x 256 (10th Cir. 2011). In 2021, Plaintiff filed a § 2255 motion, which was nearly nine years too late, and therefore, dismissed as untimely and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Stilley*, 2022 WL 1929112 (10th Cir. 2022) (a true and correct copy of which is attached to the Motion as "Exhibit A").

In November of 2022, the district court revoked Plaintiff's supervised release and sentenced him to three months' imprisonment and 33 months' supervised release. The 10th Circuit affirmed. *United States v Stilley*, 2023 WL 6801049 (10th Cir. 2023) (a true and correct copy of which is attached to the Motion as "Exhibit B"). In 2024, the district court again revoked his supervision and imposed 24 months' imprisonment. This too was affirmed by the 10th Circuit and Plaintiff's renewed attacks on his 2010 conviction, and 2022 revocation were rejected as improper collateral attacks. *United States v. Stilley*, No. 24-5133, 2025 WL 2718277, at *1 (10th Cir. Sept. 24, 2025) (a true and correct copy of which is attached to the Motion as "Exhibit C").

In July of 2024, Plaintiff registered to vote while on federal supervised release. Dkt. No. 2-1, p. 1; *Stilley v. Thurston*, 2024 Ark. 124, 4 (2024). In litigation Plaintiff himself brought, the Arkansas Supreme Court adopted a special master's findings that he had been imprisoned or on supervised release continuously since 2010 and that he was ineligible to vote and was dishonest on his registration application. *Id*.

Now, Plaintiff sues the Crawford County Clerk, the Secretary of State Cole Jester, and the United States. The single count alleges that his registration was valid because his sentencing judgments were void when he registered. Dkt. No. 2-1, p. 4. Specifically, he alleges that they are void because he was not represented by counsel, he was denied an honest and disinterested tribunal, and for all the reasons alleged in a motion he filed in the criminal case. *Id*. At 4-5. It is also noted that the Complaint list grievances against the Bureau of Prisons' handling of home confinement during his most recent incarceration but there is no relief requested. *Id.* at 3. For multiple jurisdictional reasons argued below, the claim against the Unites States fails and must be dismissed.

## I. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be construed narrowly in favor of the government, and any ambiguities must be resolved in the government's favor. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

On a Rule 12(b)(1) motion challenging subject-matter jurisdiction, the court "has authority to consider matters outside the pleadings." *Osborn v. United States,* 918 F.2d 724, 728 n.4 (8th Cir. 1990). The standards of Rule 56, which would otherwise apply to motions to dismiss for failure to state a claim under Rule 12(b)(6) that consider matters outside the pleadings, do not govern a motion challenging subject-matter jurisdiction. Rather, the standard for motions under Rule 12(b)(1) challenging subject-matter jurisdiction is different, as the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *P.G. v. Ramsey County.*, 141 F. Supp. 2d 1220, 1230 (D. Minn. 2001) (quoting *Osborn*, 918 F.2d at 730). "In short, no

presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

"The plaintiff bears 'the burden of proving the existence of subject matter jurisdiction,' and [this Court] may look at materials 'outside the pleadings' in conducting [its] review." *See Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). If the determination of the motion required the district court to determine any disputed factual issues, those determinations are reviewed under a clearly erroneous standard. *See id*. A finding of fact by a district court is clearly erroneous when "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lockhart v. United States*, 834 F.3d 952, 957 (8th Cir. 2016) (quoting *Kingman v. Dillard's Inc.*, 643 F.3d 607, 611 (8th Cir. 2011)).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' " on jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn* 918 F.2d at 729 n.6). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id*. (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the facts permit the court to reasonably infer the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678. While all well-pleaded factual allegations must be accepted as true, a court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

## II. Discussion

### A. The Court Lacks Derivative Jurisdiction because the state court had no jurisdiction over the United States

A federal court's jurisdiction over a case removed under § 1442 is derivative of the state court's jurisdiction. If a state court lacked jurisdiction over the subject matter or the parties, the federal court acquires none on removal, even if it could have heard the case had it been filed there originally. *Bush c. City of Bettendorf, Iowa,* 2015 WL 12834380 * 2 (S.D. Iowa 2015).

The Crawford County Circuit Court had no jurisdiction over the United States. As argued in section B below, the United States may be sued only where it has consented. Arkansas' declaratory Judgments Act does not waive sovereign immunity. *See e.g., Peterson v. United States*, 2013 WL 12085470, at *2 (D.N.D. 2013) (The Declaratory Judgment Act, 28 U.S.C. § 2201(a) does not waive United States' sovereign immunity). A state court likewise lacks subject matter jurisdiction to review, invalidate, vacate, or declare void a criminal judgment entered by a federal district court. Lower court's do not sit in direct review of judgments entered by a different sovereign's court system and review of such judgments may be had only in the Supreme Court of the United States. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 (1983) (a United States District Court has no authority to review final judgments of a state court judicial proceedings).

While *Feldman* arises in the converse context, it reflects the broader principle that lower courts do not sit in appellate review of judgments rendered by another sovereign's court system. *See id.* Congress instead provided specific mechanisms, including direct appeal and § 2255 proceedings in the sentencing court, for challenging federal criminal judgments.

Because the state court had no jurisdiction over the claim against the United States, this Court acquired none, and the claim must be dismissed.

### B. Sovereign Immunity Bars Plaintiff's Claim

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be construed narrowly in favor of the government, and any ambiguities must be resolved in the government's favor. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

Plaintiff cites only the Arkansas Declaratory Judgments Act. Dkt. No. 2-1, p. 1. A state statute cannot waive the United States sovereign immunity. Nor would the federal Declaratory Judgment Act. *Peterson v. United States*, 2013 WL 12085470, at *2 (D.N.D. 2013) (The Declaratory Judgment Act, 28 U.S.C. § 2201(a) does not waive United States' sovereign immunity).

The Administrative Procedure Act's waiver in 5 U.S.C. § 702 does not apply even if Plaintiff brought suit under it. The APA only reaches "agency action," and the APA excludes "the courts of the United States" from the definition of agency. 5 U.S.C.A. § 701(b)((1)(B). To the extent this Court liberally construes Plaintiff's claim to include the Bureau of Prisons, Congress has barred APA review of BOP placement decisions under 18 U.S.C. § 3625; *see also Reeb v.*

*Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011). Moreover, any such claim is moot now that Plaintiff has been released.

### C. SECTION 2255 IS THE EXCLUSIVE REMEDY FOR ATTACKING A FEDERAL SENTENCE, AND ONLY THE SENTENCING COURT CAN HEAR IT

The Complaint's only theory is that two federal criminal judgments are void. Dkt. No. 2-1, pp. 4-5. Thus, Plaintiff is collaterally attacking his federal criminal judgments issued by the Northern District of Oklahoma District Court. Congress prescribed the exclusive procedure to attack a federal criminal judgment through proceedings such as direct appeals and motions under § 2255 filed in "the court which imposed the sentence." 28 U.S.C. § 2255 (a); *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). A federal defendant cannot evade § 2255's limits by relabeling his challenge. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A declaratory judgment action cannot be used to obtain a ruling on issues that belong in a habeas proceeding. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). A civil action whose success would imply the invalidity of a conviction cannot proceed until that judgment has been set aside through proper procedural mechanisms. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff has filed § 2255 motions and directly appealed and has lost. Plaintiff's § 2255 motion was dismissed as untimely; the Tenth Circuit affirmed Plaintiffs revocations and rejected his renewed attacks on the conviction and revocations. *See* Exhibits A-C. Any further § 2255 motion would require Tenth Circuit authorization under 28 U.S.C. § 2255(h). Accordingly, this Court, nor Crawford County Circuit Court, may review a criminal judgment out of the Northern District of Oklahoma.

### D. PLAINTIFF LACKS STANDING

The case-or-controversy requirement is a prerequisite for invoking the jurisdiction of the federal courts under Article III of the U.S. Constitution. *See* U.S. CONST. art. III, § 2; *see also*

*Conway Sch. Dist. v. Wilhoit*, 854 F. Supp. 1430, 1432 (E.D. Ark. 1994); *Smith v. U.S. Dep't of Agric.*, 888 F. Supp. 2d 945, 950 (S.D. Iowa 2012). Standing is one of "the several doctrines ... that have elaborated the 'case or controversy' requirement." *Conway Sch. Dist*, 854 F. Supp. at 1432 (internal citation omitted). Standing has the following elements: (1) "injury in fact - an invasion of a legally protected interest which is;" (2) "concrete and particularized"[;] (3) "actual or imminent, not conjectural or hypothetical"[;] and (4) causation "between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Smith*, 888 F. Supp. 2d at 950 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted). Furthermore, a favorable judicial decision should be capable of providing relief from the claimed injury. *Lujan*, 504 U.S. at 561. The Plaintiff, which is the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* at 561. Since they are not mere pleading requirements but rather an indispensable part of the Plaintiff's case, each element must be supported in the same way as any other matter on which the Plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. *Id.* Standing is not dispensed in gross; Plaintiff "must demonstrate standing for each claim that [he] press[es] and for each form of relief that [he] seek[s]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (internal citation omitted); *Smith*, 888 F. Supp. 2d at 950. "Subject matter jurisdiction can be raised at any time." *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 975 (8th Cir. 2008). Therefore, if the Plaintiff lacks standing, the

Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

Here, the United States has no role in determining Plaintiff's eligibility to vote under Arkansas law, and Plaintiff expressly alleges that "the United States has [no] actual and lawful interest in the subject matter of this litigation." Dkt. No. 2-1, p. 2. Lastly, even if this Court could make a declaration against the United States, it would not redress any of Plaintiff's alleged injuries. *See Haaland v. Brackeen*, 599 U.S. 255, 292-293 (2023) (no redressability where a federal defendant does not enforce the challenged provision and a judgment would not bind the state parties that do). As such, Plaintiff lacks standing to sue the United States.

## III. CONCLUSION

Plaintiff's Complaint is an improper attempt to obtain through a state-court declaratory-judgment action what he has repeatedly failed to obtain through the procedures Congress prescribed for challenging federal criminal judgments. The sole premise of the Complaint is that an Arkansas state court, and now this Court following removal, should declare Plaintiff's federal criminal judgments void so that his voter registration may be treated as valid notwithstanding the Arkansas Supreme Court's determination that he was ineligible to vote when he registered.

But Plaintiff cannot achieve that result by suing the United States. The United States has not waived sovereign immunity for the claims asserted. The Crawford County Circuit Court lacked jurisdiction over both the United States and Plaintiff's challenge to federal criminal judgments, and this Court therefore acquired no jurisdiction upon removal under the doctrine of derivative jurisdiction. Congress has specified the exclusive procedures for collaterally attacking a federal conviction or sentence, and a declaratory-judgment action is not one of them. Finally, Plaintiff

lacks standing because his alleged injury is neither traceable to the United States nor redressable by any relief against it.

Accordingly, any claim against the United States should be dismissed for lack of subject matter jurisdiction and, alternatively, for failure to state a claim.

Respectfully submitted,

KEVIN R. HOLMES
UNITED STATES ATTORNEY

By: /s/ Seth T. Creed

Seth T. Creed
Assistant U. S. Attorney
Bar Number 2010176
1277 E. Joyce Blvd., # 200
Fayetteville, Arkansas 72703
479-249-9045
Seth.creed@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Seth T. Creed, Assistant United States Attorney for the Western District of Arkansas, hereby certified that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record. Also, a true and correct copy of the foregoing was sent to the below named individual by means of electronic mail, to-wit:

Oscar Stilley
oscarstilley@gmail.com

/s/ Seth T. Creed
Seth T. Creed
Assistant United States Attorney